IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CORY JACKSON,

    Plaintiff,

v.

THE CITY OF URBANA, ILLINOIS,
a municipal corporation,
THE CITY OF CHAMPAIGN, ILLINOIS,
a municipal corporation,
JEFFREY STEINBERG, DUANE SMITH,
MATTHEW BAIN, ELIZABETH ALFONSO,
DAVE ROESCH, MICHAEL CERVANTES,
JAMES KERNER, MATTHEW QUINLEY,
JAY LOSCHEN, DAVE GRIFFET, and
UNKNOWN EMPLOYEES OF THE CITY OF URBANA

    Defendants.

CASE NO. 20-CV-02054-CSB-EIL

### DEFENDANTS THE CITY OF CHAMPAIGN and DAVE GRIFFET'S MEMORANDUM SUPPORTING THEIR MOTION FOR DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)

Plaintiff has failed to state claims upon which relief can be granted against Defendants THE CITY OF CHAMPAIGN ("CHAMPAIGN") and DAVE GRIFFET ("SGT. GRIFFET"). Accordingly, those Defendants respectfully ask the Court to dismiss the claims against them.

#### PLAINTIFF'S ALLEGATIONS

While the Court must accept the "well-pleaded" facts as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *E.g. McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

According to Plaintiff's complaint, the Urbana Police Department was tasked with investigating a murder. *See* Doc. 1, ¶¶ 1-2, 22, 25. The department employed each of the individual Defendants, except for SGT. GRIFFET. *Id.* ¶¶ 1-2, 12-13. He worked for CHAMPAIGN, which was not investigating the murder. *See id.*; *see also id.* at ¶¶ 22, 25.

"[W]ithin hours of the shooting[,]" investigators allegedly "knew" that the shooter was Keith Campbell rather than Plaintiff. *See* Doc. 1, ¶ 3. That information was obtained partly from SGT. GRIFFET, who had "received a phone call" from an informant who claimed "that Keith Campbell shot" the victim. *Id.* at ¶¶ 35-36. SGT. GRIFFET "*shared* this information" with the investigating department. *Id.* at ¶ 37 (emphasis added). Nevertheless, unidentified officers allegedly "disregarded" the tip and "buried" the informant's identity because it was allegedly inconsistent with their hypothesis that Plaintiff was the shooter. *Id.*

Later, a court ordered disclosure of the informant's identity, but SGT. GRIFFET said that he "did not know" it. *Id.* at ¶ 38. Plaintiff claims that SGT. GRIFFET knew but simply refused to disclose. *Id.* (The allegation that SGT. GRIFFET lied is conclusory and not supported by reference to any well-plead fact. It also is not reasonable to infer that SGT. GRIFFET lied to hide the identity of an informant who could implicate Mr. Campbell, when investigators were simultaneously trying to hold Mr. Campbell accountable as the shooter (with Plaintiff acting as his accomplice). *See id.* at ¶¶ 31, 43, 47, 50, 52, 59-60, 65.) At any rate, Plaintiff is not seeking to hold SGT. GRIFFET liable for an alleged lie but, rather, for not disclosing the informant's identity.

Beyond that accusation, Plaintiff does not claim that SGT. GRIFFET participated in any other aspect of the investigation. For example, Plaintiff does not allege that SGT. GRIFFET was responsible for the investigators' alleged failures to preserve and test vehicles, phones, and shell casings for exculpatory evidence. *See* Doc. 1, ¶¶ 23-28, 53-57, 61. Plaintiff also does not claim that SGT. GRIFFET helped the investigators coerce knowingly false statements (from Malia Turner, Yasmine Nichols, Shakeyla McCoy, or Alisha Turner) that were the alleged "lynchpin of the state's case against" Plaintiff. *Id.* at ¶¶ 29-34, 39-52, 59-60.

## ARGUMENT AND AUTHORITIES

### I. Count I (wrongful detention) must be dismissed.

#### a. Plaintiff must proceed under the Fourth Amendment, not the Fourteenth.

In Count I, Plaintiff claims that Defendants detained him without probable cause and "maliciously" caused his prosecution, in violation of the Fourth and Fourteenth Amendments. *See* Doc. 1, ¶¶ 67-69. The Supreme Court has "jettisoned the malicious-prosecution analogy and the due-process source of the right[.]" *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019). Now, "all § 1983 claims for wrongful pretrial detention —whether based on fabricated evidence or some other defect—" rest "*exclusively* on the Fourth Amendment" and "not the Due Process Clause" of the Fourteenth Amendment. *Id.* at 478-79 (emphasis added). Thus, to the extent that Plaintiff is asserting a due process claim under the Fourteenth Amendment, the Court must dismiss it with prejudice and require him to proceed under only the Fourth Amendment. *Id.*

#### b. The claim is further narrowed by SGT. GRIFFETT's limited involvement.

"Individual liability pursuant to § 1983 requires personal involvement in the alleged constitutional deprivation." *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018) (internal quotation marks omitted).

Here, SGT. GRIFFET had minimal involvement. "There is no allegation that" he participated, or "was even present[,]" when investigators allegedly failed to preserve and test potential sources of evidence or allegedly coerced knowingly false statements from multiple witnesses. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017). There also is no allegation that SGT. GRIFFET supervised the investigators, knew about their alleged misconduct, and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye" to it. *See Carmody*, 893 F.3d at 403 (internal quotation marks omitted). Instead, Plaintiff's only complaint about SGT.

GRIFFET is that, after he reported an informant's tip that implicated another suspect, SGT. GRIFFET later refused to disclose the informant's identity.

### c. **Plaintiff's allegations do not defeat SGT. GRIFFETT'S qualified immunity.**

"Although qualified immunity is an affirmative defense, the plaintiff has the burden of defeating it[.]" *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017). "To do so, the plaintiff must show (1) that the defendant violated a constitutional right, when construing the facts in the light most favorable to the plaintiff, and (2) that the right was clearly established at the time of the alleged violation[.]" *Id*.

> An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."

*Kisela v. Hughes*, 138 S. Ct. 1148, 1152-53 (2018) (internal citation omitted).

The Constitution does not guarantee criminal defendants an unfettered right to learn an informant's identity. "The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008) (citing *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957)).

> When the confidential informant is a mere "tipster"—someone whose only role was to provide the police with the relevant information that served as the foundation for [further investigation]—rather than a "transactional witness" who participated in the crime charged against the defendant or witnessed the event in question, disclosure will not be required.

*Harris*, 531 F.3d at 515. The analysis is a policy-driven balancing test, rather than a bright-line, so "many informants may occupy a middle ground status somewhere between participants and mere tipsters" yet still be protected. *United States v. Valles*, 41 F.3d 355, 359 (7th Cir. 1994).

In this case, Plaintiff's allegations do not indicate that every reasonable official in SGT. GRIFFET's shoes would have understood that the informant's identity must be disclosed. Plaintiff

does not claim that SGT. GRIFFET knew the informant to have participated in the crime. Plaintiff does claim that the informant was a witness; however, Plaintiff never alleges that SGT. GRIFFET knew the informant was a witness as opposed to a tipster from the community. *See* Doc. 1, ¶ 35; *compare id.* at ¶ 36. With no allegation that SGT. GRIFFET knew the informant to be more than a mere tipster, it would not be clear to every reasonable officer in SGT. GRIFFET's shoes that the policy-driven balancing test would require disclosure of the informant's identity. That is particularly true here given that the informant implicated Mr. Campbell as the shooter, without necessarily exculpating Plaintiff as an accomplice. *See* Doc. 1, ¶ 35; *compare id.* at ¶ 36; *see United States v. Bender*, 5 F.3d 267, 269–71 (7th Cir. 1993). Assuming *arguendo* that "controlling circuit precedent could constitute clearly established law[,] . . . a reasonable officer could have believed" that his actions were not prohibited here. *Kisela*, 138 S. Ct. at 1153–54.

Because Plaintiff's allegations are insufficient to show that SGT. GRIFFET is not entitled to qualified immunity, the claim should be dismissed "to protect the officer from the burden of trial" and the "burden of" becoming "entangled in discovery" on these issues. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

## II. Count II (failure to intervene) is inadequately plead, especially as to SGT. GRIFFET.

Plaintiff alleges in a conclusory fashion that all 10 of the defendant officers had the opportunity to intervene but failed to do so. *See* Doc. 1, ¶ 73. Beyond that conclusory recitation of the elements of this claim, Plaintiff has not alleged how SGT. GRIFFET "had reason to know" of other officers' alleged misconduct "*and* ... had a realistic opportunity to intervene to prevent the harm from occurring.'" *See Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (emphasis in *Montano*). There is no allegation, for example, that SGT. GRIFFET was present to "witness" investigators' alleged misconduct, to "warn" them to stop, or actually "stop" them.

*See Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018) (first quote); *see Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014) (remainder).  S GT. G RIFFET was not a member of the municipal police department investigating the murder, and there are no allegations that he was present during alleged investigatory misconduct.  The allegations are simply insufficient to state a claim against S GT. G RIFFET for failure to intervene.

**III. Count III (conspiracy) is inadequately plead, especially as to S GT. G RIFFET.**

Plaintiff's complaint is "bereft of any suggestion, beyond a bare conclusion, that" S GT. G RIFFET and all 9 other "defendants were leagued in a conspiracy[.]"  *See Cooney*, 583 F.3d at 970-71.  "It is not enough (and would not have been even before *Bell Atlantic [(Twombly)]* and *Iqbal*)" for Plaintiff to rely on his "conclusory" allegations that all 10 defendant officers made the necessary conspiratorial agreement.  *Id.* (first quote); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (second quote). Plaintiff also alleges that the 10 named defendant officers conspired with other "known" co-conspirators, *see* Doc. 1 at ¶¶ 77 and 95, but he fails to identify them, despite their status as indispensable parties under Fed. R. Civ. P. 19.

In short, Plaintiff has omitted details about every necessary element (*i.e.* the conspirators, their agreement, and their overt acts).  This renders the complaint "too vague to provide notice to defendants of the contours of his § 1983" conspiracy claim against S GT. G RIFFET.  *Brooks*, 578 F.3d at 581–82.  If Plaintiff wishes to state a conspiracy claim, then he will need leave of court to amend his complaint to plead the "who, what, when, why, and how" outlining S GT. G RIFFET's alleged personal involvement in a conspiracy to withhold the informant's identity or engage in some other misconduct.  *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1016 (7th Cir. 2000).

**IV. Count IV (state law malicious prosecution) must be dismissed.**

To proceed against an officer for malicious prosecution under Illinois law, there must be

allegations to show that "the officer proximately caused the commencement or continuance" of the prosecution. *Beaman v. Freesmeyer*, __ N.E.3d __, 2019 IL App (4th) 160527, ¶ 69. Proximate cause will be found only where an officer had a "significant role" meaning, he:

> individually, improperly exerted pressure on the prosecutor, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct instrumental in the initiation of the prosecution and . . . such conduct is the proximate cause of the commencement or continuation of plaintiff's prosecution.

*Beaman*, 2019 IL App (4th) 160527, ¶¶ 85-94 (internal citations and quotation marks omitted).

Plaintiff's allegations fall far short of averring that SGT. GRIFFET had a significant role in initiating or continuing the prosecution against Plaintiff. There is no suggestion that he helped coerce four witnesses to provide the allegedly false statements that were the "lynchpin of the state's case against" Plaintiff. *See* Doc. 1 at ¶¶ 29-34, 39-52, 59-60. Even if Sgt. Griffet's alleged refusal to provide the informant's identity may have hampered Plaintiff's defense, Plaintiff's allegations "show the prosecution already knew [Keith Campbell] was a suspect . . . when the decision was made to commence and continue the case" against Plaintiff as Mr. Campbell's accomplice. *See Beaman*, 2019 IL App (4th) 160527, ¶¶ 115-118. In these circumstances, Plaintiff cannot show that SGT. GRIFFET played any role, let alone a "significant role," in the initiation or continuation of Plaintiff's prosecution, so this claim must be dismissed.

### V. Counts V (state law intentional infliction of emotional distress) must be dismissed.

Public employees like SGT. GRIFFET are immune from state law claims unless they engaged in "willful and wanton conduct." *Horton v. Pobjecky*, 883 F.3d 941, 954 (7th Cir. 2018) (citing 745 ILCS 10/2-202). Willful and wanton conduct "cannot be" found where the officers' actions were "objectively reasonable" under the Fourth Amendment. *Id.* Thus, to the extent SGT. GRIFFET acted in an objectively reasonable manner in disclosing the informant's tip but

withholding the informant's identity, then SGT. GRIFFET did not act in the willful and wanton manner necessary to support any of Plaintiff's state law claims in Counts IV, V, or VI. *Id.*

Even if SGT. GRIFFET's conduct was not objectively reasonable, it would not automatically "rise to the level of willful and wanton conduct." *Carter v. Chicago Police Officers*, 165 F.3d 1071, 1081 (7th Cir. 1998). Plaintiff bears the "burden to prove willful and wanton conduct" and that SGT. GRIFFET "acted without legal justification." *Wilson v. City of Chicago*, 758 F.3d 875, 880-81 (7th Cir. 2014). "'Willful and wanton conduct' . . . means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Id.* at 881. An officer must "ignor[e] known or plainly observable dangerous conditions and d[o] something that will naturally and probably result in injury to another." *Carter*, 165 F.3d at 1080–81. Absent such evidence, state law claims fail. *Wilson*, 758 F.3d at 881.

Here, Plaintiff has not carried his burden of alleging willful and wanton conduct sufficient to support a claim of intentional infliction of emotional distress ("IIED"). Illinois law mandates that an IIED claim requires conduct that is "truly extreme and outrageous." *Cairel v. Alderden*, 821 F.3d 823, 835 (7th Cir. 2016) (internal quotation marks omitted). When a plaintiff is alleging unlawful arrest (akin to Plaintiff's unlawful detention claim), there must be "more than just a lack of probable cause" and likely some evidence that the arrest "was totally lacking in justification[.]" *DuFour-Dowell v. Cogger*, 969 F. Supp. 1107, 1123 (N.D. Ill. 1997) (emphasis added). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Mnyofu v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, 832 F. Supp. 2d 940, 950 (N.D. Ill. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009));

*see also Jasinski v. Glencoe Dep't of Pub. Safety*, 836 F. Supp. 2d 753, 759 (N.D. Ill. 2011) ( "apart from bare and formulaic language, . . . ). Here, Plaintiff has not provided enough to show that SGT. GRIFFET's alleged refusal to disclose the informant's identity was truly extreme and outrageous.

### VI. Count VI (state law civil conspiracy) must be dismissed.

In Illinois, a civil conspiracy claim requires proof that:

> (1) a combination of two or more individuals, (2) for the purpose of accomplishing by concerted action an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act.

*Beaman*, 2019 IL App (4th) 160527, ¶ 126. When the "tortious or unlawful act alleged is defendants' alleged malicious prosecution of plaintiff" and the malicious prosecution claim fails, then so too does the conspiracy claim. Thus, Plaintiff's state law malicious prosecution claim fails, so his conspiracy claim fails too. Additionally, as noted above, Plaintiff has insufficiently pled conspiracy, so this count fails for that reason too.

### VII. Count VII (respondeat superior) must be dismissed.

Plaintiff has no remaining claims to trigger *respondeat superior* liability against CHAMPAIGN. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). And Plaintiff's state law claims all fail as noted above. Without any claims to anchor *respondeat superior* liability, the Court must dismiss this count against CHAMPAIGN.

### VIII. Count VIII (indemnification) must be dismissed.

Because SGT. GRIFFET is not liable, there is no basis for requiring CHAMPAIGN to provide indemnification under state law. "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." *E.g. Fleming v. Livingston*

*Cty., Ill.*, 674 F.3d 874, 881 (7th Cir. 2012) (quoting 745 ILCS 10/2–109). In this case, Sgt. Griffet is not liable as explained above, so the Court must dismiss this count against Champaign.

**IX. <u>Unless Plaintiff concedes this motion to dismiss, Defendants request the opportunity to submit a reply and to present oral argument.</u>**

Pursuant to CDIL-LR 7.1(A)(2) and (B)(3), Defendants respectfully request the opportunity to file a reply and to present oral argument to rebut any arguments made by Plaintiff on this important motion to dismiss.

## CONCLUSION

For the reasons cited above, Champaign and Sgt. Griffet respectfully request that the Court dismiss all counts against them.

> Respectfully submitted,
>
> Thomas Mamer LLP

Dated: April 20, 2020

    *s/ Justin N. Brunner*
David E. Krchak (#3127316),
Justin N. Brunner (#6323496)
30 E. Main St., Ste. 500; P.O. Box 560
Champaign, IL 61824-0560
Tel.: (217) 351-1500; Fax: (217) 351-2169
DEK@ThomasMamer.com; JNB@ThomasMamer.com

ATTORNEYS FOR DEFENDANTS
The City of Champaign, Illinois, and
Dave Griffet

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2020, I caused the foregoing document (*DEFENDANTS THE CITY OF CHAMPAIGN and DAVE GRIFFET'S MEMORANDUM SUPPORTING THEIR MOTION FOR DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)*) to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

    *s/ Justin N. Brunner*
Justin N. Brunner (#6323496), Thomas Mamer LLP