IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CORY JACKSON,

       Plaintiff,

   V.

THE CITY OF URBANA, ILLINOIS,
a municipal corporation,
THE CITY OF CHAMPAIGN, ILLINOIS,
a municipal corporation,
JEFFREY STEINBERG, DUANE SMITH,
MATTHEW BAIN, ELIZABETH ALFONSO,
DAVE ROESCH, MICHAEL CERVANTES,
JAMES KERNER, MATTHEW QUINLEY,
JAY LOSCHEN, DAVE GRIFFET, and
UNKNOWN EMPLOYEES OF THE CITY OF URBANA

       Defendants.

CASE NO. 20-CV-02054-CSB-EIL

## DEFENDANTS THE CITY OF CHAMPAIGN, ILLINOIS' and DAVE GRIFFET'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

COME NOW Defendants THE CITY OF CHAMPAIGN, ILLINOIS and DAVE GRIFFET (collectively "Defendants"), by their undersigned counsel, and in answer to Plaintiff's First Amended Complaint, state as follows:

### PREFACE

Defendants' ability to answer is affected by Plaintiff's repeated failure to attribute the alleged conduct of the ten (10) "Defendant Officers" to any specific person despite the fact that "[i]ndividual liability pursuant to § 1983 requires *personal involvement* in the alleged constitutional deprivation."  *See Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018) (internal quotation marks omitted, emphasis added).

Defendants generally deny the allegations in Plaintiff's complaint, including any in the unnumbered headings, except for those allegations specifically admitted in this answer.

<u>**ANSWER**</u>

1.      Defendants deny any allegations made against Defendant Griffet in paragraph 1 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2.      Defendants deny the allegations made against Defendant Griffet in paragraph 2 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.

3.      Defendants deny the allegations made against Defendant Griffet in paragraph 3 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.

4.      Defendants deny the allegations made against Defendant Griffet in paragraph 4 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations made against Defendant Griffet in paragraph 6 of the First Amended Complaint.  Defendants admit that this lawsuit seeks redress for Mr. Jackson's alleged injuries.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.

7.      Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367(a).  Defendants deny the remaining allegations in paragraph 7 of the First Amended Complaint, including any suggestion that Plaintiff has valid claims against Defendants.

8.      Defendants admit that venue is proper in the Central District of Illinois under 28

U.S.C. § 1391(b)(2) and that Defendants reside in the judicial district. Defendants deny any suggestion that Plaintiff has valid claims against them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the First Amended Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the First Amended Complaint.

10.     Defendants admit that the City of Urbana is a municipality organized under the laws of Illinois, based upon information and belief.

11.     Defendants admit that the City of Champaign is a municipality organized under the laws of Illinois.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the First Amended Complaint.

13.     Defendants admit that, at certain times, Defendant Griffet was acting under color of law within his authority as a duly appointed officer of the Champaign Police Department. Defendants deny the remaining allegations in paragraph 13 of the First Amended Complaint, including that Defendant Griffet was acting under color of only state law at all relevant times.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the First Amended Complaint.

15.     Defendants admit that, at certain times, Defendant Griffet was acting under color of law and within the scope of his employment with Champaign Police Department. Defendants deny the remaining allegations in paragraph 15 of the First Amended Complaint that suggest Defendant Griffet was acting under color of only state law at all relevant times. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations

in paragraph 15.

16.     Defendants admit the allegations in paragraph 16 of the First Amended Complaint, based upon information and belief.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the First Amended Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the First Amended Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the First Amended Complaint.

20.     Defendants admit that Taylor was shot, based upon information and belief. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of the First Amended Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the First Amended Complaint.

22.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 22 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made.  With that caveat, Defendants admit that METCAD communicated with officers about shots fired at 1905 East Florida Avenue.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22.

23.     Defendants admit that Taylor was transported to Carle Hospital, based upon information and belief.  Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations in paragraph 23 of the First Amended Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the First Amended Complaint.

25.     Defendants admit that several Urbana police officers responded to Carle Hospital, based upon information and belief.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the First Amended Complaint.

26.     Defendants admit that Taylor died after arriving at the hospital, upon information and belief.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the First Amended Complaint.

27.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 27 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made.  With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the First Amended Complaint.

29.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 29 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made.  With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     To the extent that Plaintiff is purporting to paraphrase a recorded communication,

the recording speaks for itself, and Defendants deny any allegation in paragraph 30 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 30. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

31. Defendants admit that Campbell is a wanted fugitive, based upon information and belief. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations made against Defendant Griffet in paragraph 32 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the First Amended Complaint.

34. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 34 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 34. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35. Defendants deny that the caller claimed to be a "witness" to Taylor's murder. Defendants deny that the caller told Defendant Griffet that the shooter was "Keith Campbell, not Mr. Jackson." Defendants deny that Defendant Griffet knew the identity of the caller and that he concealed it. Defendants lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations in paragraph 35.

36. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 36 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made. Defendants deny that Defendant Griffet stated the information came from a "confidential source" who implicated "Keith Campbell" as the shooter. With those caveats, parts of the conversation are transcribed accurately in paragraph 36, with a significant omission represented by ellipses.

37. Defendants deny the allegations in paragraph 37 of the First Amended Complaint, including that the caller claimed to be a "Witness" to the shooting.

38. Defendants deny that Defendant Griffet shared information reported by the caller directly with any, or all nine (9), of the "Urbana Defendants Officers." Defendants admit that Defendant Griffet shared information reported by the caller with METCAD so that METCAD could relay that information to whomever was investigating the incident. Defendants deny that the caller was a "Witness" to the shooting and that the information reported by the caller "exculpated Mr. Jackson." Defendants deny the remaining allegations made against Defendant Griffet in paragraph 38 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38.

39. Defendants admit that Defendant Griffet reported on September 3, 2019 that he did not know the identity of the caller. Defendants deny the remaining allegations in paragraph 39 of the First Amended Complaint, including that the caller was a "Witness" to the shooting, that Defendant Griffet "kn[e]w" the caller's identity, and that the caller's identity was "critical

and exculpatory" for Mr. Jackson.

40.     Defendants deny that the caller was a "Witness" to the shooting.  Defendants deny the remaining allegations made against Defendant Griffet in paragraph 40 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41 of the First Amended Complaint, including that the caller was a "Witness" to the shooting and that Defendant Griffet knew the caller's true identity.

42.     Defendants deny that the caller was a "Witness" to the shooting.  Defendants deny the remaining allegations in paragraph 42 of the First Amended Complaint, including that he had an on-going role in the investigation or prosecution of Plaintiff for the underlying alleged crimes as opposed to Defendant Griffet's role as a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.

43.     Defendants deny that the caller was a "Witness" to the shooting or that the caller identified "Campbell" as the "sole shooter."  Defendants admit that the Court granted an order authorizing agents of the United States Marshals Service to install and use (or cause to be installed) a pen register and trap and trace device to capture certain information related to Mr. Jackson's Facebook page pursuant to Defendant Griffet's application.  Defendants deny the remaining allegations in paragraph 43 of the First Amended Complaint, including that Defendant Griffet had no reason to make this application in his role as a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.

44.     Defendants deny the allegations in paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of the First Amended Complaint.

46. Defendants admit that Defendant Griffet distinguished between the Urbana police department's role investigating the underlying criminal allegations and Defendant Griffet's role assisting in the fugitive task force's efforts to locate Mr. Jackson and Mr. Campbell. Defendants deny the remaining allegations in paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the First Amended Complaint, based upon information and belief that Defendant Griffet verbally reported his efforts to the United States Marshals Service fugitive task force which may have documentation of that report which is not in Defendants' possession, custody, or control.

48. Defendants admit that, on April 16, 2019, Defendant Griffett returned an expired order to the Court. Defendants deny the remaining allegations in paragraph 48 of the First Amended Complaint, including that the order was applied for and granted in April 2019 and including that Defendant Griffet previously lacked any justifiable reason to seek information in his role as a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.

49. To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 49 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made. With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50. To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 50 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in

which recorded statements were made. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 50. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50.

51.     Defendants deny the allegations made against Defendant Griffet in paragraph 51 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51.

52.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 52 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made. With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendants deny any allegation in paragraph 53 of the First Amended Complaint that mischaracterizes the content of the recording or the manner in which recorded statements were made. With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54.     To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 54 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 54. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54.

55.     Defendants deny the allegations made against Defendant Griffet in paragraph 55

of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55.

56.     To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 56 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made.  With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56.

57.     To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 57 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made.  With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57.

58.     To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 58 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made.  With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 58.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58.

59.     To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 59 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in

which recorded statements were made. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 59. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59.

60. To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 60 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made. With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60.

61. To the extent that Plaintiff is purporting to paraphrase recorded communications, the recordings speak for themselves, and Defendants deny any allegation in paragraph 61 of the First Amended Complaint that mischaracterizes the content of the recordings or the manner in which recorded statements were made. With that caveat, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61.

62. Defendants deny the allegations made against Defendant Griffet in paragraph 62 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62.

63. Defendants admit that, when Timmyra King claimed on or around August 13, 2018 that she had been threatened or harassed, Defendant Griffet said something to the effect that he told Williams that making statements on social media was not productive. Defendants deny that Defendant Griffet spoke with King or Williams about any threats allegedly made to Malaia Turner, Yasmine Nichols, Shakeyla McCoy, or any of the "other" unidentified

"witnesses" referenced in paragraphs 62 and 63 of the First Amended Complaint. Defendants currently are not aware of written documentation of Defendant Griffet's brief encounter with Williams.

64.     Defendants deny the allegations made against Defendant Griffet in paragraph 64 of the First Amended Complaint, including that the caller was a "Witness" to the shooting and that the information reported by the caller "exculpated Mr. Jackson." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the First Amended Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the First Amended Complaint.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the First Amended Complaint.

68.     Defendants admit that Defendant Griffet never sent shell casings from the scene to a lab for forensic testing, with the caveat that Defendant Griffet was not involved in processing or handling evidence from the scene. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68.

69.     Defendants admit that Mr. Jackson's jury trial commenced on October 8, 2019. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69.

70.     To the extent that Plaintiff is purporting to paraphrase recorded or transcribed communications, the recordings or transcriptions speak for themselves, and Defendants deny any

allegation in paragraph 70 of the First Amended Complaint that mischaracterizes the content of the recordings or transcription, including the allegation that Defendant Officers fabricated Ms. Nichols' statement when she testified that someone else asked her to give a false statement. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 70. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70.

71.     To the extent that Plaintiff is purporting to paraphrase recorded or transcribed communications, the recordings or transcriptions speak for themselves, and Defendants deny any allegation in paragraph 71 of the First Amended Complaint that mischaracterizes the content of the recordings or transcription, including the allegation that Defendant Officers fabricated Ms. McCoy's statement when she testified that someone else asked her to give a false statement. With that caveat, Defendants deny the allegations made against Defendant Griffet in paragraph 71. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71.

72.     Defendants deny any allegations made against Defendant Griffet in paragraph 72 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72.

73.     Defendants admit based on trial transcripts that, on October 11, 2019, a jury found that the State failed to prove beyond a reasonable doubt that Plaintiff was guilty of first degree murder and that he was armed with a firearm during the commission of first degree murder. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 of the First Amended Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 74 of the First Amended Complaint.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the First Amended Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the First Amended Complaint.

**COUNT I – 42 U.S.C. § 1983**
**Deprivation of Liberty without Probable Cause**
**(Against Defendant Officers)**

77.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

78.     Defendants deny the allegations made against Defendant Griffet in paragraph 78 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 78.

79.     Defendants deny the allegations made against Defendant Griffet in paragraph 79 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 79.

80.     Defendants deny the allegations made against Defendant Griffet in paragraph 80 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80.

81.     Defendants deny the allegations made against Defendant Griffet in paragraph 81 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 81.

82.     Defendants deny the allegations made against Defendant Griffet in paragraph 82 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a

belief about the truth of the remaining allegations in paragraph 82.

## COUNT II – 42 U.S.C. § 1983
### Failure to Intervene
### (Against Defendant Officers)

83.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

84.     Defendants deny the allegations made against Defendant Griffet in paragraph 84 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84.

85.     Defendants deny the allegations made against Defendant Griffet in paragraph 85 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85.

86.     Defendants deny the allegations made against Defendant Griffet in paragraph 86 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86.

## COUNT III – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights
### (Against Defendant Officers)

87.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

88.     Defendants deny the allegations made against Defendant Griffet in paragraph 88 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88.

89.     Defendants deny the allegations made against Defendant Griffet in paragraph 89 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a

belief about the truth of the remaining allegations in paragraph 89.

90. Defendants deny the allegations made against Defendant Griffet in paragraph 90 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 90.

91. Defendants deny the allegations made against Defendant Griffet in paragraph 91 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 91.

92. Defendants deny the allegations made against Defendant Griffet in paragraph 92 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 92.

### COUNT IV – State Law Claim
### Malicious Prosecution
### (Against Defendant Officers)

93. Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

94. Defendants deny the allegations made against Defendant Griffet in paragraph 94 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 94.

95. Defendants deny the allegations made against Defendant Griffet in paragraph 95 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95.

96. Defendants deny the allegations made against Defendant Griffet in paragraph 96 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96.

97.     Defendants deny the allegations made against Defendant Griffet in paragraph 97 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 97.

98.     Defendants admit the allegation in paragraph 98 of the First Amended Complaint.

99.     Defendants deny the allegations made against Defendant Griffet in paragraph 99 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99.

100.    Defendants deny the allegations made against Defendant Griffet in paragraph 100 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 100.

## COUNT V – State Law Claim
## Intentional Infliction of Emotional Distress
## (Against Defendant Officers)

101.    Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

102.    Defendants deny the allegations made against Defendant Griffet in paragraph 102 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 102.

103.    Defendants deny the allegations made against Defendant Griffet in paragraph 103 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 103.

104.    Defendants deny the allegations made against Defendant Griffet in paragraph 104 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104.

## COUNT VI – State Law Claim
## Civil Conspiracy
## (Against Defendant Officers)

105.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

106.     Defendants deny the allegations made against Defendant Griffet in paragraph 106 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 106.

107.     Defendants deny the allegations made against Defendant Griffet in paragraph 107 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 107.

108.     Defendants deny the allegations made against Defendant Griffet in paragraph 108 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 108.

109.     Defendants deny the allegations made against Defendant Griffet in paragraph 109 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 109.

## COUNT VII – State Law
## *Respondeat Superior* Claim
## (Against City of Urbana & City of Champaign)

110.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

111.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the First Amended Complaint.

112.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 112 of the First Amended Complaint.

113.     Defendants admit that, at certain times, Defendant Griffet was an employee of Defendant City of Champaign acting within the scope of his employment.  Defendants deny the remaining allegations in paragraph 113 of the First Amended Complaint, including any suggestion that Defendant Griffet's actions were material to Plaintiff's claims and that his actions were taken under color of state law when he was acting in the role of a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.

114.     Defendants deny that Defendant Griffet violated state law.  Defendants deny that Defendant City of Champaign is liable pursuant to *respondeat superior* for any alleged state law violations by Defendant Griffet when acting in the role of a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.  Defendants admit that Defendant City of Champaign is liable pursuant to *respondeat superior* for any alleged state law violations by Defendant Griffet when acting, at certain times, within the scope of his employment with Defendant City of Champaign.

## COUNT VIII – State Law
## Statutory Indemnification Claim
### (Against City of Urbana & City of Champaign)

115.     Defendants hereby incorporate their response to each of the preceding paragraphs of the First Amended Complaint as if fully restated herein.

116.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of the First Amended Complaint.

117.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of the First Amended Complaint.

118. Defendants admit that, at certain times, Defendant Griffet was an employee of Defendant City of Champaign acting within the scope of his employment. Defendants deny the remaining allegations in paragraph 118 of the First Amended Complaint, including any suggestion that Defendant Griffet's actions were material to Plaintiff's claims and that his actions were taken under color of state law when he was acting in the role of a Special Deputy with the United States Marshals Service fugitive task force attempting to locate fugitives Mr. Jackson and Mr. Campbell.

119. To the extent that Plaintiff is purporting to paraphrase a statute, the statute speaks for itself, and Defendants deny any allegation in paragraph 119 of the First Amended Complaint that mischaracterizes the content or effect of the statute. With that caveat, Defendants admit that, under 745 ILCS 10/9-102, the City of Champaign is empowered to pay any tort judgment for compensatory damages for which Defendant Griffet, while acting within the scope of his employment, is liable. Defendants deny any remaining allegations in paragraph 119.

## AFFIRMATIVE DEFENSES

NOW COMES Defendants THE CITY OF CHAMPAIGN, ILLINOIS and DAVE GRIFFET (collectively "Defendants"), by and through their undersigned counsel, and assert that Plaintiff's complaint should be dismissed, in whole or in part, based upon the following affirmative defenses. Defendants reserve the right to amend and supplement these defenses to the full extent allowed for any permissible purpose including, but not limited to, the results of further investigation and discovery, the presentation of a motion for summary judgment, the Court's subsequent rulings, and the evidence presented during trial. By asserting a matter here as an affirmative defense, Defendants do not intend to incur the burden of pleading or proving any issue for which said burden properly lies with Plaintiff. To the extent a matter was asserted in

the answer above when it would have been proper to assert it in these affirmative defenses, or vice versa, the matter should be construed as having been asserted under the appropriate section.

1. Counts I – III fail to state a claim upon which relief can be granted, because they attribute conduct to "Defendant Officers" generally when "[i]ndividual liability pursuant to § 1983 requires *personal involvement* [of Defendant Griffet] in the alleged constitutional deprivation." *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018) (internal quotation marks omitted, emphasis added).

2. Counts I – VI fail to the extent that Defendant Griffet was not personally involved in any constitutional or state law violation, did not have reason to know of other officers' alleged misconduct, and did not have a realistic opportunity to intervene to prevent harm.

3. Counts III and VI fail to state a claim upon which relief can be granted, because the allegations of conspiracy are conclusory and insufficiently plead. *See e.g. Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009).

4. Count III and VI fail to state a claim upon which relief can be granted, because Plaintiff failed to join indispensable parties under Fed. R. Civ. P. 19, namely co-conspirators whose identities are allegedly "known" to Plaintiff yet Plaintiff did not add them as parties.

5. Counts I – VI fail to the extent there was actual probable cause for Plaintiff's arrest and detention pending trial.

6. To the extent that Counts I – VI are based upon alleged *Brady* violations,:

   a. Defendant Griffet disclosed all material evidence to the State's Attorney's Office.

   b. To the extent that Defendant Griffet did not preserve or disclose particular evidence,:

i. the evidence was not exculpatory, impeaching, or material,

ii. the evidence had no apparent exculpatory value when Defendant allegedly failed to preserve it,

iii. Defendant did not destroy any potentially favorable evidence in bad faith,

iv. Defendant's non-disclosure was the result of mere negligence rather than any intentional or reckless conduct,

v. Defendant did not suppress the evidence because it was otherwise available to Plaintiff through the exercise of reasonable diligence by Plaintiff's criminal defense counsel,

vi. Defendant was not the cause of any prejudice to Plaintiff, particularly to the extent that Plaintiff's criminal defense counsel knew of an alleged witness prior to trial and failed to interview that witness, such that the prejudice to Plaintiff, if any, resulted from his own attorney's negligence rather than any failure of police to divulge exculpatory evidence, and

vii. the government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant.

7. As to Counts I – VI, Defendant Griffet is entitled to qualified immunity because:

a. Defendant's conduct did not amount to a violation of Plaintiff's constitutional rights,

b. this is not a situation where every reasonable official in Defendant Griffet's shoes would have understood that he was violating Plaintiff's clearly

established constitutional rights, and

    c. there was arguable probable cause for Plaintiff's arrest and detention pending trial.

8. As to Counts I – VI,:

    a. Defendant Griffet's conduct was not a proximate cause of the commencement or continuation of Plaintiff's detention or alleged damages,

    b. Plaintiff or third parties were a proximate cause of the commencement or continuation of Plaintiff's detention or alleged damages, including but not limited to the failure of Plaintiff and his criminal defense counsel to conduct a reasonably diligent investigation into further exculpatory evidence and to otherwise seek to suppress evidence that was allegedly improperly obtained, upon information and belief.

9. Counts II, III, and VI fail to the extent that Defendant Griffet cannot be held liable on derivative claims of failure to intervene or conspiracy if there was no underlying violation.

10. Counts IV – VI fail, because:

    a. they are barred by the statute of limitations. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citing 745 ILCS 10/8–101).

    b. Defendant Griffet's conduct does not rise to the level of willful and wanton conduct. *See, e.g.,* 745 ILCS 10/2-202.

11. If Defendant Griffet is not liable to Plaintiff, then Counts VII and VIII fail, because a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 881 (7th Cir. 2012) (quoting 745 ILCS 10/2–109).

12. To the extent that Plaintiff seeks to recover for unstated categories of alleged injuries, he has failed to specifically state any special damages he may include in these categories, contrary to Fed. R. Civ. P. 9(g).

13. To the extent that Plaintiff's complaint seeks punitive damages, Defendant Griffet's conduct was not motivated by evil motive or intent, and Defendant Griffet's conduct did not involve reckless or callous indifference to Plaintiff's federally protected rights.

14. To the extent that Plaintiff's complaint seeks punitive damages, Defendants adopt by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided with respect to punitive damages in the following cases and their progeny: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

15. To the extent that Defendant Griffet was acting in the capacity of a Special Deputy with the United States Marshals Service fugitive task force under color of federal law rather than state law, Plaintiff has:

    a. failed to state a valid claim for relief under 42 U.S.C. § 1983,

    b. failed to state a valid claim for relief under *Bivens*,

    c. failed to timely submit claims (including state-law tort claims) under federal tort liability statutes including the Federal Tort Claims Act,

    d. failed to join an indispensable party (*i.e.* the United States of America on state-law tort claims),

    e. failed to serve process sufficiently for claims that can be asserted against only the United States of America, and

    f. failed to timely comply with applicable statutes of limitations.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice and with costs.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury on all issues triable of right by a jury, and Defendants respectfully requests a jury on all other issues triable by a jury.

Respectfully submitted,

THOMAS MAMER LLP

Dated:  May 10, 2021

_s/ Justin N. Brunner_
Justin N. Brunner (6323496)
James D. Green (6203059)
THOMAS MAMER, LLP
30 Main St., Suite 500,  P.O. Box 560
Champaign, IL  61824-0560
Tel.: (217) 351-1500;  Fax: (217) 351-2169
JNB@ThomasMamer.com
JDG@ThomasMamer.com

ATTORNEYS FOR DEFENDANTS
THE CITY OF CHAMPAIGN, ILLINOIS, and DAVE GRIFFET

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, I caused the foregoing document

DEFENDANTS THE CITY OF CHAMPAIGN, ILLINOIS' and DAVE GRIFFET'S
ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

_s/ Justin N. Brunner_
Justin N. Brunner (#6323496)
THOMAS MAMER LLP