IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CORY JACKSON, </br>       Plaintiff, </br> </br> v. </br> </br> CITY OF URBANA, ILLINOIS, a municipal corporation, THE CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation, JEFFREY STEINBERG, DUANE SMITH, MATTHEW BAIN, ELIZABETH ALFONSO, DAVE ROESCH, MICHAEL CERVANTES, JAMES KERNER, MATTHEW QUINLEY, JAY LOSCHEN, DAVE GRIFFET, and UNKNOWN EMPLOYEES OF THE CITY OF URBANA, </br>       Defendants. | Case No. 20-cv-02054-CSB-EIL </br></br> Judge Colin S. Bruce </br></br> Magistrate Judge Long |

**PLAINTIFF'S MOTION TO COMPEL URBANA DEFENDANTS TO
PRODUCE DOCUMENTS AND RESPOND TO WRITTEN DISCOVERY**

Plaintiff Cory Jackson ("Plaintiff"), by and through his attorneys, Nathan & Kamionski LLP, pursuant to Federal Rule of Civil Procedure 37, hereby moves this Honorable Court to Compel Defendants Jeffrey Steinberg, Duane Smith, Matthew Bain, Elizabeth Alfonso, Dave Roesch, Michael Cervantes, James Kerner, Matthew Quinley, Jay Loschen, and the City of Urbana, Illinois (collectively "Urbana Defendants") to produce documents and provide substantive responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories. In support of his motion, Plaintiff states as follows:

**INTRODUCTION**

For the past eight months, Urbana Defendants have made every attempt to thwart Plaintiff's efforts to obtain information and documents relevant to this lawsuit. From ignoring emails to bypassing agreed-upon deadlines, Urbana Defendants have needlessly prolonged written discovery in

this case, which has negatively impacted Plaintiff's ability to litigate his claims and incurred excessive attorneys' fees in having to work to resolve these issues. Fact discovery is set to close on January 31, 2022. However, only a single deposition has been taken in this case, due in large part to Urbana Defendants' failure to supplement its production and written discovery responses as requested. Plaintiff has made multiple attempts to resolve these ongoing discovery issues without the Court's intervention. Yet, Plaintiff's patience has now run out. This motion seeks to compel Urbana Defendants to produce documents and substantive responses to Plaintiff's issued written discovery.

## FACTS RELEVANT TO WRITTEN DISCOVERY DISPUTE

This case arises out of the prolonged detention of Plaintiff Cory Jackson for a crime he did not commit. Plaintiff was arrested, charged with murder, and spent approximately 14 months at the Champaign County Jail for the killing of Martez Taylor that occurred on July 21, 2018. Plaintiff was ultimately acquitted at his jury trial. However, Plaintiff was forced to miss out on over a year of his life because of Defendants willful mishandling of the Taylor murder investigation. Plaintiff has brought federal claims to redress the violation of his rights, including claims for deprivation of liberty, failure to intervene, and conspiracy, as well as state law claims for malicious prosecution, intentional infliction of emotion distress, civil conspiracy, *respondeat superior*, and indemnification against Defendants. *See* Dkt. No. 41.

### *Plaintiff's First Set of Written Discovery to Urbana Defendants*

On February 19, 2021, Plaintiff propounded to Urbana Defendants the following written discovery: (1) First Set of Interrogatories to Defendant City of Urbana, Illinois; (2) First Set of Interrogatories to Defendant Urbana Officers; (3) First Set of Requests for Production of Documents and Other Materials to Defendant City of Urbana, Illinois; and (4) First Set of Requests for Production of Documents and Other Materials to Defendant Urbana Officers. *See* February 19, 2021 Email and Attached Documents, attached hereto as Exhibit ("Ex.") 1. Urbana Defendants' responses to

2

Plaintiff's discovery requests were due March 19, 2021, pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A). Urbana Defendants did not produce any responses by the required deadline.

On March 23, 2021, Plaintiff's counsel emailed Urbana Defendants' counsel requesting a timeframe by which Plaintiff could anticipate receiving Urbana Defendants' written discovery responses. *See* Emails from Natalie Adeeyo Dated March 23, 2021 and March 26, 2021, attached hereto as Ex. 2. Counsel for Urbana Defendants did not respond to this email. *Id.* Having not received a response from Urbana Defendants, on March 26, 2021, Plaintiff's counsel emailed Urbana Defendants' counsel again seeking an update regarding Urbana Defendants' outstanding written discovery. *Id.* Plaintiff's counsel also provided dates to meet and confer regarding the missed deadline via telephone. *Id.* That same day, Urbana Defendants' counsel replied via email that Urbana Defendants would provide their written discovery responses by April 2, 2021. *See* Email from Bill Kurnik Dated March 26, 2021, attached hereto as Ex. 3, at 1. For a second time, Urbana Defendants did not comply with the deadline.

Then, on April 3, 2021, Plaintiffs' counsel emailed Urbana Defendants' counsel imposing a new deadline for written discovery responses by April 5, 2021. *See* Ex. 3, at 1. On April 5, 2021, Urbana Defendants' counsel replied by stating, "I have 10 sets of interrogatories." *See* Ex. 3, at 2. Plaintiff's counsel followed up by asking Urbana Defendants' counsel if compliance would be met on April 5, 2021. *Id.* Plaintiff's counsel also mentioned discussing the discovery issue by telephone. *Id.* Urbana Defendants' counsel responded by stating that Urbana Defendants' responses would not be provided on April 5, 2021, but would be provided by April 6, 2021. *Id.* Urbana Defendants did not provide a response on April 6, 2021. Plaintiff did not receive Urbana Defendants' responses until April 12 and 21, 2021 respectively. *See* Emails from Karen Stocco Dated April 15, 2021 and April 21, 2021, attached hereto as Ex. 4. Despite waiting nearly two months for responses, Urbana Defendants' written discovery answers and production were wholly deficient.

### *Plaintiff's Second Set of Written Discovery to Urbana Defendants*

On March 23, 2021, Plaintiff tendered to Urbana Defendants his Second Set of Requests for Production of Documents and Other Materials to Defendant City of Urbana, Illinois. *See* March 23, 2021 Email and Attached Document, attached hereto as Ex. 5. To date, Urbana Defendants have not provided a response to Plaintiff's Second Set of Requests for Production.

### *Plaintiff's Attempts to Meet and Confer*

On April 20, 2021, Plaintiff's counsel tendered via email a letter to Urbana Defendants' counsel addressing Urbana Defendants' deficient responses to Plaintiff's First Set of Requests for Production and Interrogatories. Urbana Defendants never responded to Plaintiff's letter. *See* April 20, 2021 Email and Attached Letter, attached hereto as Ex. 6. Having received no response, on May 24, 2021, Plaintiff's counsel reached out to Urbana Defendants' counsel an additional time to cure the written discovery deficiencies, to which Urbana Defendants did not respond. *See* May 24, 2021 Email, attached hereto as Ex. 7.

In an effort to meet and confer in good faith under Federal Rule of Civil Procedure 37(a)(1), Plaintiff's counsel set a telephonic meeting with Urbana Defendants' counsel on August 2, 2021. During this call, Urbana Defendants' counsel indicated that he had not reviewed any of Plaintiff's prior correspondence regarding the written discovery deficiencies. Thus, the parties rescheduled the meet and confer telephone call to August 10, 2021.

In preparation for the telephone call, on August 3, 2021, Plaintiff's counsel tendered to Urbana Defendants' counsel the entirety of the issues with Urbana Defendants' prior written discovery responses. *See* August 3, 2021 Email, attached hereto as Ex. 8. In Plaintiff's August 3, 2021 letter to Urbana Defendants, Plaintiff specifically outlines the deficiencies with Urbana Defendants' written discovery responses and the supplemental responses he seeks. Thus, Plaintiff refers this Court to his August 3, 2021 letter detailing the written discovery at issue as well as Defendants Quinley, Roesch,

4

Smith, and the City of Urbana's written discovery responses. *See* Ex. 9; Defendant Quinley's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Ex. 10; Defendant Roesch's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Ex. 11; Defendant Smith's Answers to Plaintiff's First of Interrogatories, attached hereto as Ex. 12; Defendant City of Urbana's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Ex. 13; Urbana Defendants' Responses to Plaintiff's First Set of Requests for Production, attached hereto as Ex. 14.

On August 10, 2021, the parties conferred via telephone regarding Urbana Defendants' written discovery responses. Urbana Defendants agreed to supplement their written discovery responses by September 7, 2021. On September 7, 2021, Urbana Defendants' counsel indicated that Urbana Defendants need more time to supplement their response because counsel was "going on vacation." *See* Email from Bill Kurnik Dated September 7, 2021, attached hereto as Ex. 15.

On November 3, 2021, Plaintiff's counsel emailed Urbana Defendants' counsel regarding Urbana Defendants' supplemental written discovery responses. *See* Email Correspondence between Bill Kurnik and Natalie Adeeyo, attached hereto as Ex. 16, at 1. On November 5, 2021, Urbana Defendants' email response indicated that Urbana Defendants had not even started on their supplemental responses. *Id.* Plaintiff requested a deadline for supplemental responses by November 19, 2021, to which Urbana Defendants' counsel indicated he would "do my best." *Id.* at 2. On November 17, 2021, Plaintiff asked for Urbana Defendants' to set a final deadline date. *Id.* Urbana Defendants' counsel indicated that Urbana Defendants' supplemental responses by December 10, 2021. *See* Email from Bill Kurnik Dated November 18, 2021, attached hereto as Ex. 17. Urbana Defendants neither complied with this deadline nor did they inform Plaintiff that they would need an additional extension.

Instead, three days later, on December 13, 2021, Urbana Defendants' counsel emailed a letter to Plaintiff's counsel redressing few of Plaintiff's concerns with Urbana Defendants' written discovery

responses, specifically only three interrogatories. *See* Letter from Bill Kurnik Dated December 13, 2021, attached hereto as Ex. 18. Urbana Defendants failed to provide any additional information requested by Plaintiff in this letter. Then, on December 16, 2021, Urbana Defendants' counsel emailed another letter to Plaintiff's counsel. *See* Letter from Bill Kurnik Dated December 16, 2021, attached hereto as Ex. 19. Urbana Defendant' December 16, 2021 letter merely reiterated that Urbana Defendants would be standing on their objections rather than any attempt to resolve this discovery dispute in good faith.

Neither of these letters address Urbana Defendants' outstanding responses to Plaintiff's requests for production. Furthermore, to date, Plaintiff still has not received a response from Defendant City of Urbana to his second set of requests for the production of documents. As it has become clear Urbana Defendants have no intention to reach a compromise with Plaintiff regarding the relevant information Plaintiff seeks, Plaintiff requests that this Court grant his motion to compel and order Urbana Defendants to produce information responsive to his discovery requests.

**STANDARD OF LAW**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, stating any objections with specificity, within 30 days after the interrogatories are tendered. Fed. R. Civ. P. 33(b)(3)-(4). A party may also serve requests for the production of documents, which must be responded to within 30 days of service. Fed. R. Civ. P. 34(a), 34(b)(2)(A). Federal Rule of Civil Procedure 37(a)(3)(B)(iii) allows a party to move to compel a discovery response if a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

# ARGUMENT

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond. "Fed. R. Civ. P. 37(a)(4). Urbana Defendants provided wholly inadequate responses to Plaintiff's written discovery. Urbana Defendants' written discovery responses indicate two patterns: (1) referring Plaintiff to another incomplete or nonresponsive answer without answering or providing the documentation requested in the specific discovery request; or (2) a non-responsive answer entirely. Examples of Urbana Defendants' deficient discovery responses are highlighted below.

## I. Urbana Defendants' Response to Plaintiff's Request for Production No. 4

First, Plaintiff's Request for Production No. 4 requests: "All documents relating to Plaintiff, whether such documents are in the Defendants' possession or are obtained via a third-party subpoena." Ex. 14, at 2. Urbana Defendants responded, "All documents listed in response to Item #1 above and Item #5 below." *Id.* Urbana Defendants' response to Request No. 1 states, "Urbana police reports and investigative materials, U00001-U00407; Urbana emails, U00408-U00627; documents previously provided in folder entitled "Interviews & Statements" containing 20 video recordings (body cameras and interview rooms of witnesses including Malaia Turner, Shakeyla McCoy and Yasmine Nichols; body camera video of Alisha Turner; and criminal trial transcript. All of these documents have been previously provided." *Id.* Urbana Defendants' response to Request No. 5 states, "All documents listed in response to Item #1 above and Item #18 below." *Id.* at 2. Request No. 18 refers to materials extracted from Defendant Steinberg's phone and text messages from Defendant Smith. *Id.* at 5.

Urbana Defendants failed to provide all documents that relate to Plaintiff in their possession or control. Instead, Urbana Defendants referred Plaintiff to documents that only cover the Taylor murder investigation. In the event Urbana Defendants, or any other Urbana police officer, has made

7

contact with, stopped, interviewed, interrogated, or questioned Plaintiff on any matter, such contact should be documented by Urbana police and those documents would be in their possession. These documents are relevant to establishing any animus on the part of Urbana Defendants based on prior contacts with Plaintiff, considering there was minimal credible evidence that indicated Plaintiff was the shooter. Plaintiff would prefer to have documented evidence of any of Urbana Defendants' prior contact with Plaintiff before that defendant's deposition. As such, Urbana Defendants should provide a complete response to Plaintiff's request.

## II. Urbana Defendants' Response to Plaintiff's Request for Production No. 21

Another example of Urbana Defendants' insufficient discovery responses is Urbana Defendants' response to Plaintiff's Request No. 21, which requests:

> All documents relating to Keith Campbell, Malaia Turner, Vincent Mosley, Wendy Driver, Wardell Lawrence, Dejermaine Pettis, Alisha Turner, Shakeyla McCoy, Yasmin Nichols, and/or "Witness A," as that person is identified in Plaintiff's Complaint. Urbana Defendants responded, "All documents responsive to Items 1 through 4 above; and documents listed in Item 20 above. The City of Urbana Defendants object to the production of Individual police reports relating to the individuals identified above and contained in the Witness Contact ARMS printout, as the burden and expense of producing those documents outweigh the likely benefit considering the importance of that discovery and in resolving the issues in this case.

Ex. 14, at 6. Urbana Defendants' responded, "All documents responsive to Items 1 through 4 above; and documents listed in Item 20 above. The City of Urbana Defendants object to the production of individual police reports relating to the individuals identified above and contained in the Witness Contact ARMS Printout, as the burden and expense of producing those documents outweigh the likely benefit considering the importance of that discovery and in resolving the issues in this case." *Id.*

First, the ARMS Printout provided by Urbana Defendants does not provide any insight into the actual interactions each witness had with the Urbana police. Instead, the ARMS Printout merely lists unredacted personal information of each witness, the crime at question, the date of the crime, and additional identifiers that do not shed any light on whether these individuals provided statements

8

to Urbana police or were victims or perpetrators of crimes themselves. For example, the ARMS Printout of witness Shakeyla McCoy reveals that she was a witness to the unlawful use of a weapon. Ex. 18, at 31. However, this printout does not reveal any details of what she witnessed and what, if any, statement she gave to which Urbana police officers.

Moreover, each of the individuals identified in Request No. 21 are key witnesses to this case as they either committed the murder of Martez Taylor (i.e. Keith Campbell) or claimed to have witnessed the shooting. In fact, some of the witnesses identified above (i.e. Malaia Turner, Alisha Turner) were used by Defendant Officers to allegedly establish probable cause to arrest Plaintiff. Thus, the information sought is relevant as Plaintiff seeks to ascertain not only the criminal histories of key witnesses in this case for impeachment purposes, but also any prior contacts these witnesses had with Defendant Officers could establish a motive by these witnesses to implicate Plaintiff. Further, such documents could establish a pattern by which these witnesses have lied to Defendant Officers when giving statements on prior occasions. This evidence is directly relevant to Plaintiff's claims. Just because Urbana Defendants would prefer to not be tasked with the responsibility of gathering and producing these relevant documents, does not mean they get to shirk off the requirement as provided by the Federal Rules.

### III. Urbana Defendants' Response to Plaintiff's Requests for Production Nos. 24 and 25 and Interrogatories Nos. 13 and 14

Urbana Defendants have also provided confusing and inconsistent responses to Plaintiff's discovery requests. For example, Plaintiff's Request No. 24 seeks, "Any and all training materials, manuals, videos, audio recordings, outlines, or other course materials utilized to train Urbana police officers regarding any of the subjects identified in Request No. 23."[1] Ex. 14, at 7. Urbana Defendants

---

[1] Plaintiff's Request No. 23 addressed the following training subjects: interviews of witnesses and suspects; conducting homicide and shooting investigations; recording custodial interrogations; administering photo lineups; interrogation tactics and procedure; and administering gunshot residue kits. *See* Ex. 14, at 6.

9

responded by directing Plaintiff to an editable Excel spreadsheet and by stating that "[t]he City provides annual training to officers which may cover the items identified in Item #23 above but there is no index or method to determine specifically whether those items were covered in the annual training." *Id.* It is insufficient for Urbana Defendants to state that the City of Urbana has its officers undergo some sort of annual training without providing any documentation to support this assertion, particularly considering this request was not an interrogatory, but a request for the production of documents.

Then, in their December 13, 2021 letter, Urbana Defendants indicated, "we do not have any of the training materials in our possession. All that the City has are document announcing a particular course or sign-in sheets. Attached are samples of the information that we have. We have this information from 2013 to 2018, but it is not the information that you have requested." Ex. 18, at 2. This answer is nonresponsive. The "samples" that Urbana Defendants attached to their letter are three Urbana Police Department Training Memoranda that give Plaintiff no indication of what, if any, training materials are utilized to train Urbana police officers and only span the period of 2012 to 2014. If there are documents referencing Urbana officer training during 2018 as indicated by Urbana Defendants in their letter, then those documents should be produced, not a "sample" covering dates cherrypicked by Urbana Defendants.

A similar issue exists with respect to Urbana Defendants' response to Plaintiff's Request No. 25, which seeks documents that reflect the training each specific Urbana Defendant Officer received. Once more, Urbana Defendants refer Plaintiff to the editable Excel spreadsheet entitled Officer Training Logs. This spreadsheet, although it appears to provide some information as to what courses each Urbana Defendant Officer attended, is not responsive to Plaintiff's request, which seeks all documents reflecting Urbana Defendant Officers' training. Further, Urbana Defendants' December 13, 2021 supplemental response that they do not have any training *materials* in their possession does

not cure this request, as this request seeks all *documents* that reflect Urbana Defendant Officers' training, whether that be training materials, records, certificates, attendance lists, or grading sheets.

So to do Urbana Defendants' responses to Plaintiff's Interrogatories Nos. 13 and 14 fail to provide sufficient answers to the training questions posed. For Interrogatory No. 13, Plaintiff asked Urbana Defendants to identify all training materials in effect on or before July 21, 2018, the date of the murder, in such subjects as interrogating suspects, administering photo lineups, interviewing witnesses, and conducting homicide investigations. *See* Ex. 13, at 13. Urbana Defendants responded, "The documents requested will be produced and are self-identifying." *Id.* Not only does this response not identify the materials requested, but it is in direct conflict with Urbana Defendants' representations in their December 13, 2021 letter that they have no training materials in their possession. Similarly, Interrogatory No. 14 asks Urbana Defendants to identify which Urbana Defendant Officers participated in training in the aforementioned subjects, and Urbana Defendants responded, "See answer to Interrogatory #13, above." *Id.* This answer is simply not responsive. Thus, Urbana Defendants must be required to supplement these responses.

## IV.  Urbana Defendant Officers' Responses to Plaintiff's Interrogatory Nos. 4, 8, 9

Additionally, Urbana Defendant Officers Loschen, Quinley, and Smith have failed to cure the deficiencies in their interrogatory responses. First, Plaintiff's Interrogatory No. 4 asked Defendant Smith to state if he has "ever been cited, fined, penalized, demoted, reprimanded, or otherwise disciplined by the Urbana Police Department." Ex. 12, at 2-3. Defendant Smith responded, "Objection on the basis of no time limit. The requested information, if provided, will be subject to a "counsel eyes only" protective order." *Id.* at 3. This response is insufficient as a confidentiality order was entered in this case on June 1, 2020, well before the time by which Defendant Smith's responses were due. *See* Dkt. No. 34. Furthermore, Defendant Smith has not supplemented his response to this interrogatory, and stated in the December 16, 2021 letter that his prior discipline will not be provided.

11

*See* Ex. 19, at 2. However, disciplinary records of police officers are relevant to this type of litigation and are discoverable. *See Smith v. Sharp*, No. 11 C 50382, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013); *see also Terry v. Zernicke*, No. 94 C 4052, 1996 WL 5183, at *2 (N.D.Ill. Jan.2, 1996) ("The personnel files, including disciplinary histories, of law enforcement officers are relevant to assessing a claim of misconduct by such officials, and are, therefore, presumptively discoverable."); *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct ..."). As such, Defendant Smith should be compelled to respond.

Plaintiff's Interrogatory No. 8 asked Defendant Loschen for information related to any prior communications he had with Plaintiff. *See* Defendant Loschen's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Ex. 21, at 3. Defendant Loschen responded, "I have prior knowledge of Cory Jackson from previous contacts while being employed with the City of Urbana for the last twenty (20) years. I cannot be specific about the dates of those previous contacts unless I go back and check twenty years' worth of calls for service and proactive approaches criminal activity." *Id.* To summarize, Defendant Loschen's response indicates that he is in possession of documents that could answer this interrogatory, but that he does not want to look for those materials. That is not an appropriate objection. Further, Defendant Loschen's vague answer does not specify any details surrounding the "previous contacts while being employed with the City of Urbana" that he had with Plaintiff. These prior contacts could shed light on Defendant Loschen's motive to withhold physical evidence in the underlying criminal matter from Plaintiff's criminal attorneys – i.e. the vehicle that transported the victim after the victim was shot – and thus are relevant to the instant action. Therefore, Defendant Loschen should be compelled to provide a more substantive response to this interrogatory.

Urbana Defendants Loschen and Quinley also provided insufficient answers to Interrogatory No. 9, which asked if they had any prior contact, meetings, interviews, or interrogations with any

witnesses involved in the underlying criminal matter. *See* Ex. 10, at 3-4; Ex. 21, at 3. Defendant Loschen answered, "I am sure I have had encounters with witnesses to this incident but as mentioned above in answer #8, above, I would have to rely on software programs within the City of Urbana to give a more exact date and time." Ex. 21, at 3. Similarly unhelpful, Defendant Quinley answered Interrogatory No. 9 by stating, "I interviewed Malaia Turner at Carle Hospital on July 21, 2018 and assisted Investigator Steinberg with interviewing Turner again on July 22, 2018 at Carle Hospital. Investigator Schweska was present during part of the first interview with Turner. Lieutenant Bain and Sergeant Loschen were also present at Carle Hospital." Ex. 10, at 3-4.

Defendant Loschen's answer is nonresponsive as it is vague and does not provide Plaintiff any insight into the past interactions Defendant Loschen had with any of the witnesses in this case. Defendant Quinley's answer is entirely nonresponsive as it does not address the question posed, which asked for contact with witnesses "*prior* to the incident described in Plaintiff's Complaint[.]" *Id.* at 3 (emphasis added). Via their counsel's December 16, 2021 letter, Defendants Loschen and Quinley have indicated that they have no intent in supplementing these answers. Due to the fact that the information Plaintiff seeks is relevant and Urbana Defendants have not provided a legitimate or recognizable objection to not providing a supplemental response, Defendants Loschen and Quinley should be compelled to appropriately respond to Interrogatory No. 9.

### V. Urbana Defendants' Intentional Delay Warrants Attorney's Fees

Each of Plaintiff's areas of inquiry as discussed above concern Defendant Officers' training and discipline information, witnesses' criminal histories and prior statements to Urbana police, and prior interactions between Urbana Defendant Officers and witnesses and/or Plaintiff. The information sought is highly relevant and necessary to explore for Plaintiff to litigate his claims. Plaintiff is being unfairly prejudiced by Urbana Defendants' disregard for the discovery process and their failure to respond fully, completely, and timely to the discovery requests issued to them.

13

Urbana Defendants' repeated efforts to stall written discovery over the past eight months appears to be intentional. Urbana Defendants have promptly sent emails to Plaintiff's counsel regarding Plaintiff's unrelated criminal matter, while willfully ignoring correspondence regarding discovery in this case. Therefore, Plaintiff seeks an order requiring Urbana Defendants to pay the attorney's fees and expenses incurred by Plaintiff to seek Urbana Defendants' written discovery responses, including the drafting of this motion. Sanctioning Urbana Defendants due to their unreasonable delay is warranted as Urbana Defendants' failure to comply has effectively deprived Plaintiff the necessary time to explore Urbana Defendants' responses, as discovery is soon coming to a close. Consequently, Plaintiff requests that this Court enter an order compelling Urbana Defendants to supplement their responses to Plaintiff's issued written discovery and for sanctions.

## CONCLUSION

WHEREFORE, Plaintiff Cory Jackson respectfully requests that this Court compel Urbana Defendants to immediately produce the requested discovery, and for any other relief deemed necessary and proper.

Dated: December 17, 2021

Respectfully submitted,

*/s/ Natalie Y. Adeeyo*
Natalie Y. Adeeyo, Atty. #6323542
NATHAN & KAMIONSKI LLP
33 W. Monroe, Suite 1830
Chicago, Illinois 60603
(312) 957-6639
nadeeyo@nklawllp.com

**CERTIFICATE OF SERVICE**

I, Natalie Y. Adeeyo, an attorney, hereby certify that on the date stamped on the above margin, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Natalie Y. Adeeyo*
Natalie Y. Adeeyo
